

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ENTERED**
**09/03/2008**

| | | |
|---|---|---|
| IN RE: | § | |
| MARVIN E. MOYE; dba JMW AUTO SALES, | § | CASE NO: 07-37770 |
| LTD; dba JMW AUTO SALES, LLC; dba JMW | § | |
| GROUP INVESTMENTS, LTD.; dba JMW AUTO | § | |
| TRANSPORT, LLC; dba JMW AUTO SALES; dba | § | |
| JMW RETAIL AUTO SALES, LTD., JMW AUTO | § | |
| SALES, JOAN M. MOYE; dba JMW AUTO | § | |
| SALES, LTD. | § | |
| | § | |
| JMW AUTO SALES | § | |
| | § | CASE NO: 07-37364 |
| | § | |
| | § | Jointly Administered Order |
| Debtor(s) | § | |
| | § | CHAPTER  7 |

### MEMORANDUM FINDINGS, CONCLUSIONS, AND REASONS
### FOR ORDER GRANTING MOTION TO EXTEND OPERATION OF BUSINESS
(doc # 178)

In docket # 178, the chapter 7 trustee seeks an extension of 90 days to operate the estate's business.  Docket # 192 is an objection to that motion, but is in reality a laundry list of complaints against the chapter 7 trustee.

By separate order issued this date, the Court granted the motion to extend the operation of the business.  If creditors have genuine objections and complaints about the trustee's conduct, they must bring a motion to remove the trustee.  That is a serious motion that suggests trustee incompetence, disqualification to serve as a trustee in other cases, and potential liability.  The US Trustee has oversight responsibility over panel trustees.  Movants should contact the US Trustee to discuss their concerns.  The Court declines to litigate the issue of trustee removal as a tangential issue in a contested matter focused on whether the estate's business should continue to operate for an additional 90 days.

Even if the trustee were removed, that would not resolve the issue of operation of the business for an additional 90 days.  The motion has merit (regardless of who is the trustee) and the objection is tangential, at best.

Therefore, the motion was granted.

SIGNED 09/03/2008.

_Wesley W. Steen_

Wesley W. Steen
United States Bankruptcy Judge