

ENTERED
08/07/2012

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | Case No. 07-37770 | |
| MARVIN E. MOYE; dba JMW AUTO § | Chapter 7 | |
| SALES, LTD; dba JMW AUTO SALES, § | | |
| LLC; dba JMW GROUP INVESTMENTS, § | | |
| LTD.; dba JMW AUTO TRANSPORT, § | | |
| LLC; dba JMW AUTO SALES; dba JMW § | | |
| RETAIL AUTO SALES, LTD., JOAN M. § | | |
| MOYE, § | | |
| § | | |
| JMW AUTO SALES § | CASE NO: 07-37364 | |
| § | Jointly Administered Order | |
| Debtor(s). § | Judge Isgur | |

## MEMORANDUM OPINION

Hardy Rawls Enterprises, LLC; Warren Waite, Jr.; Warren Waite, III; and Kings Kar, LLC ("Objecting Parties") oppose the Trustee's interim application for compensation, ECF No. 627. The Court ordered the parties to brief the issue of whether the Objecting Parties have standing to object to the Trustee's counsel's application for compensation. Because Hardy Rawls and the Waites could collect on their claims against the Moye bankruptcy estate if the Trustee's counsel's application is denied, the Court holds that Hardy Rawls and the Waites have standing to object to the application for compensation. Because the Court disallowed Kings Kar's claim against the estate, Kings Kar does not have standing to object to the application for compensation.

### Background

Marvin and Joan Moye, d/b/a JMW Auto Sales, filed a voluntary chapter 7 petition on November 6, 2007. The Moye bankruptcy case has been highly contested, with twenty related adversary proceedings and numerous contested matters, many involving the Objecting Parties.

The Objecting Parties and the Trustee have extensively litigated the Objecting Parties' claims against the estate.

On April 27, 2012, the Trustee's counsel filed its third interim application for compensation, seeking fees for the period of July 29, 2010 through March 31, 2012. The matters the Trustee's counsel handled during this time period include the Fifth Circuit appeal of the Trustee's successful objection to Hardy Rawls' secured claim; the Trustee's request for sanctions against Hardy Rawls' counsel; the prosecution of avoidance claims against various parties, including Hardy Rawls and the Waites; litigation to recover property of the estate; and litigation with the Objecting Parties and other parties over the sale of repossessed vehicles that were property of the estate. ECF No. 627.

The Objecting Parties filed a response to the application for compensation on May 18, 2012. ECF No. 629. The Objecting Parties allege extensive misconduct on the part of the Trustee and his attorneys and employees, "including conspiring to commit bankruptcy crimes and crimes against the State of Texas, making false statements to the Court in [an] effort to [cover up] misdeeds and conspiring with a favored creditor to [cover up] their misconduct." ECF No. 629, at 2-3. The Objecting Parties also noted that the Trustee had retained his own law firm and argued that there was a clear conflict of interest.

The Court held a hearing on the application for compensation on May 21, 2012. At the hearing, the Court requested additional briefing on the issue of whether the Objecting Parties had constitutional standing to object. The Objecting Parties filed a brief on June 4, 2012, ECF No. 634, and the Trustee's counsel filed a brief on June 11, 2012, ECF No. 636. The Court held another hearing on June 12, 2012, and at that hearing, the Court gave the parties an additional

seven days to file supplemental briefs. Both the Objecting Parties and the Trustee's counsel filed briefs on June 19, 2012. ECF Nos. 639 & 640.

The Trustee's counsel asserts that the Objecting Parties do not have standing to challenge the application for compensation. Hardy Rawls and Kings Kar's claims have already been denied, and they would have to show cause for reconsideration. The Trustee also notes that there will be no distribution to general unsecured creditors and that the estate may become administratively insolvent.

The Objecting Parties note that the Trustee never objected to the Waites' proofs of claim and that there has been no disposition of those claims. Hardy Rawls' claim was disallowed, but the Court stated in its order sustaining objections to Hardy Rawls' proof of claim that "the disallowance of the unsecured claim is based on the belief that there will not be funds for distribution to unsecured creditors. If that belief is incorrect, that would be equitable grounds for reconsideration of the unsecured status of the claim under authority of Bankruptcy Code Sec. 502(j)." ECF No. 348, at 7. Finally, although Kings Kar's claim was disallowed, the Trustee had initially contested only the secured character of the claim and requested that the claim be allowed only as a contingent unsecured claim. Kings Kar asserts that the order disallowing its claim is void because the Court allegedly violated Kings Kar's right to due process.

## Analysis

Federal courts lack authority under Article III of the Constitution to decide claims asserted by a party without standing. *Arizona Christian Sch. Tuition Org. v. Winn*, 131 S.Ct. 1436, 1449 (2011) (noting that the rules of standing are part of the case-or-controversy limitation on federal jurisdiction imposed by Article III of the Constitution). Standing depends on "whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to

assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult . . . questions." *Gale v. Carnrite*, 559 F.3d 359, 363 (5th Cir. 2009) (quoting *Texas v. United States*, 497 F.3d 491, 496 (5th Cir. 2007)).

In the bankruptcy context, a party does not have standing to object to an application for compensation unless that party has a financial stake in the approval of the application. *See In re Runnels Broadcasting Sys., LLC*, 2009 WL 4611447, at *3 (Bankr. D.N.M. Dec. 1, 2009) ("In Chapter 7 proceedings, . . . . generally a party who has no financial stake concerning the Court's approval of the Trustee's final report lacks standing to object."). A party lacks a financial stake when, regardless of the outcome of the application for compensation, that party will not receive a distribution from the estate. *See id.* (finding that a party lacked standing when it would not receive a distribution on its administrative expense claim even if the trustee's compensation were reduced to zero).

The Objecting Parties allege serious misconduct on the part of the Trustee and his counsel, including allowing a favored creditor to charge the estate fees and interest incurred post-petition and to "double dip" on its claim; forging the name of one of the Debtors on the back of a vehicle title and conspiring to cover up the alleged theft; faking the auction sales of vehicles; and similar acts favoring particular creditors.

Although it is apparent that some of the allegations are foreclosed by prior final orders, the Court takes such allegations seriously and will require the Objecting Parties to prove what they have pled.[1] For the purposes of determining standing, the Court must treat the allegations as true.

---

[1] The facts set forth by the Objecting Parties present an extreme case of alleged trustee abuse. The Objecting Parties must be given a full and fair opportunity to present them to the Court. Allegations of this nature, filed by an attorney under the strictures of Rule 9011, must be soberly considered by the Court. If the allegations are proven,

The Trustee alleges that there will be no funds for distribution to the holders of unsecured claims. Many of the firm's fees have already been allowed on an interim basis. Nevertheless, if the allegations are proven true, it could result in a total disallowance of fees and a disgorgement of interim fees already paid. If the Trustee's counsel's application is denied in its entirety, there may then be estate assets available to pay creditors. The Objecting Parties thus have standing to challenge the application if they could receive a distribution from the estate.

The Waites' claims against the estate have not been disallowed. Because the Waites have claims against the estate, and because there may be a distribution to unsecured creditors if the Objecting Parties prevail, the Waites have standing to object to the application for compensation.

Although Hardy Rawls' claim has been disallowed, Hardy Rawls also has standing to object because the order disallowing its claim specifically notes the possibility of reconsideration if the estate has funds for distribution. The Court disallowed Hardy Rawls' unsecured claim against the estate "based on the belief that there will not be funds for distribution to unsecured creditors." ECF No. 348. The order preserves Hardy Rawls' ability to seek reconsideration under § 502(j) if the Court's assumption that there would be no funds for distribution to unsecured creditors turned out to be incorrect.

A creditor with a disputed claim against the estate has standing to bring claims or contest applications that could affect its claims. *Cf. 8400 N.W. Expressway, LLC v. Morgan (In re Morgan)*, 360 B.R. 507, 515 (Bankr. N.D. Tex. 2007) ("Case law is unambiguous that a dispute with regard to a creditor's claim does not divest it of standing to pursue a discharge objection."). The Court explicitly preserved Hardy Rawls' ability to seek reconsideration, contingent upon the

---

the Court would be obliged to implement a severe remedy. Conversely, if the extreme allegations lack evidentiary support, as required by Rule 9011, the Court would be obliged to implement a severe remedy against the Objecting Parties.

availability of assets to pay unsecured creditors. The availability of assets is directly contingent on whether the application for compensation is approved. A claim is not ripe if the claimant's interest is "contingent [on] future events that may not occur as anticipated, or indeed may not occur at all." *Lopez v. City of Houston*, 617 F.3d 336, 342 (5th Cir. 2010) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985)). However, Hardy Rawls' interest in this contested matter is not contingent on speculative or external events. Hardy Rawls has a concrete interest in the ability to seek reconsideration of its unsecured claim, and that interest is contingent only on the outcome of this contested matter. Hardy Rawls thus has a disputed claim against the estate for standing purposes, and the controversy is ripe for adjudication.

Kings Kar's claim has been finally disallowed, and Kings Kar does not have standing to object to the application for compensation. The Court disallowed Kings Kar's claim on July 24, 2009. ECF No. 355. Kings Kar filed a motion to reconsider on August 6, 2009, ECF No. 364, which the Court denied as untimely on August 14, 2009, ECF No. 365. Kings Kar filed a notice of appeal on August 24, 2009. ECF No. 376. The District Court dismissed the appeal without prejudice on October 15, 2009 for failure to timely file a brief. ECF No. 395. It is now long past the deadline for appealing the Court's disallowance of Kings Kar's claim, and the disallowance is final. Fed. R. Bankr. P. 8002.

Kings Kar asserts that the order disallowing Kings Kar's claim is void because the Court violated Kings Kar's right to due process. The Objecting Parties' brief states, "By ignoring the Trustee's pleading, upon which Kar relied in making its response, and *sua sponte* dismissing Kar's claim without allowing it to proceed as unsecured and doing so without even allowing Kar

to be heard, the Court fundamentally violated Kar's right to due process and rendered the order void as a matter of law." ECF No. 640, at 4.

The appeals deadline has already passed. Because Kings Kar could have addressed the alleged due process violation on direct appeal, Kings Kar may not collaterally attack the disallowance of its claim based on this argument. *See Lowry Dev., L.L.C. v. Groves & Assocs. Ins., Inc.*, --- F.3d ----, 2012 WL 3140147, at n.19 (5th Cir. 2012) ("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal.") (quoting *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000)).

Kings Kar does not hold a claim against the estate, and therefore it does not have standing to challenge the Trustee's counsel's application for compensation.

Because the Waites and Hardy Rawls have standing to challenge the application for compensation, the Court will hold an evidentiary hearing on the application.

## Conclusion

Warren Waite, Jr.; Warren Waite, III; and Hardy Rawls have standing to object to the Trustee's counsel's application for compensation. Kings Kar does not have standing to object to the application for compensation.

An evidentiary hearing will be held on the Trustee's application on September 10, 2012 at 3:00 p.m.

SIGNED **August 7, 2012.**

                                                  Marvin Isgur
                              UNITED STATES BANKRUPTCY JUDGE